IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHN ROSS                                                                            PETITIONER

V.                                                                  NO. 4:11CV143-WAP-DAS

EMMITT SPARKMAN                                                             RESPONDENT


<u>MEMORANDUM OPINION</u>

This cause comes before the court on the petition of Christopher Houston for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. While incarcerated at the Mississippi State Penitentiary at Parchman, Mississippi, Petitioner was charged with and found guilty of possessing major contraband, namely a cell phone. Part of the sanction imposed was loss of good time credit of 180 days. Petitioner has asked for judicial review of the disciplinary hearing, having exhausted his administrative remedies.

A petition for a writ of *habeas corpus* is the appropriate vehicle to seek relief from the loss of earned time. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also, Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition prior to seeking habeas corpus relief in federal court. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

There is no indication that Petitioner has presented his claim to the Mississippi's highest court. Therefore, he has not exhausted his available state remedies. *See* Miss. Code Ann. §§ 99-39-1 *et seq*. Consequently, his petition to this court is premature and must be dismissed.

**<u>Conclusion</u>**

Based on his failure to properly submit his claims through the state court system, including the Mississippi Supreme Court, this court is precluded from reviewing Ross' petition. It is unclear whether the time for seeking review in the Mississippi court's has expired. Therefore this petition is dismissed without prejudice and the case closed. A final judgement shall issue in accordance with this opinion.

This the 12th day of January, 2012.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE